## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| **vs.** | **RE:**<br>**159 Erskine Road, Windsor, ME 04363** |
| **Sammi Jo MacFarland** | **Mortgage:**<br>**May 14, 2007**<br>**Book 9356, Page 0135**<br>**Kennebec County Registry** |
| **Defendant** | |

NOW COMES the Plaintiff, Federal National Mortgage Association, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Sammi Jo MacFarland, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal National Mortgage Association, in which the Defendant, Sammi Jo MacFarland, is the obligor and the total amount owed under the terms of the Note is Three Hundred Seventy-

Three Thousand Four Hundred Eighty and 05/100 ($373,480.05) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association is a Federally-Chartered Corporation with its principal place of business located at 1100 15th Street NW, Washington, D.C. 20005 and therefore, for diversity purposes is, by statute, a resident of the District of Columbia.

5. The Defendant, Sammi Jo MacFarland, is a resident of Windsor, County of Kennebec, and State of Maine.

## FACTS

6. On January 7, 2005, by virtue of a Warranty Deed from Pablo A. Barajas and Garret P. Barajas, which is recorded in the Kennebec Registry of Deeds in **Book 8268, Page 0193**, the property situated at 159 Erskine Road, Town of Windsor, County of Kennebec, and State of Maine, was conveyed to Sammi Jo MacFarland, being more particularly described by the attached Exhibit A. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On May 14, 2007, Defendant, Sammi Jo MacFarland, executed and delivered to Downeast Mortgage Corporation a certain Note under seal in the amount of $216,000.00. Defendant, Sammi Jo MacFarland's, personal liability is limited and/or extinguished by the Chapter 7

bankruptcy (Docket 1:2013bk-10480) filed which resulted in a bankruptcy discharge.  *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8.  During the pendency of the aforesaid bankruptcy, the Defendant, Sammi-Jo MacFarland surrendered the subject property,

9.  In light of the aforesaid surrender, the Defendant, Sammi-Jo MacFarland is judicially estopped from opposing or contesting this action of foreclosure and sale.

10. To secure said Note, on May 14, 2007, Defendant, Sammi Jo MacFarland, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Downeast Mortgage Corporation, securing the property located at 159 Erskine Road, Windsor, ME 04363 which Mortgage Deed is recorded in the Kennebec Registry of Deeds in **Book 9356**, **Page 0135**.  *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to SunTrust Mortgage, Inc. by virtue of an Assignment of Mortgage dated June 17, 2011, and recorded in the Kennebec Registry of Deeds in **Book 10766**, **Page 241** (arguably ineffective under *Greenleaf*).  *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was further assigned to SunTrust Mortgage, Inc. by virtue of a Corrective Assignment dated July 31, 2011, and recorded in the Kennebec Registry of Deeds in **Book 10799**, **Page 166** (arguably ineffective under *Greenleaf*).  *See* Exhibit E (a true and correct copy of the Corrective Assignment is attached hereto and incorporated herein).

13. On August 1, 2012, the Defendant, Sammi Jo MacFarland, executed a Home Affordable Modification Agreement which adjusted the principal amount of the Note to $235,924.20 (herein after referred to as the "Loan Modification"), which acknowledged the enforceability of both the Note and Mortgage as of that date by that holder. That enforceability remains

effective as of today's date by the Plaintiff and provides the Plaintiff with standing in this foreclosure and sale action. *See* Exhibit F (a true and correct copy of the Loan Modification is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated October 21, 2013, and recorded in the Kennebec Registry of Deeds in **Book 11550**, **Page 0069** (arguably ineffective under *Greenleaf*). *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. On May 4, 2017, the Kennebec County Superior Court issued an Order *nunc pro tunc,* affecting title to the subject Mortgage and Note. *See* Exhibit H (a true and correct copy of the Order *nunc pro tunc* is attached hereto and incorporated herein).

16. The Mortgage was then assigned to MTGLQ Investors, L.P. by virtue of an Assignment of Mortgage dated January 31, 2019, and recorded in the Kennebec Registry of Deeds in **Book 13153**, **Page 343** (arguably ineffective under *Greenleaf*). *See* Exhibit I (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. The Mortgage was further assigned to MTGLQ Investors, L.P. by virtue of a Quitclaim Assignment dated April 3, 2020, and recorded in the Kennebec Registry of Deeds in **Book 13524**, **Page 98**. *See* Exhibit J (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

18. The Mortgage was further assigned to Federal National Mortgage Association by virtue of a Quitclaim Assignment dated November 17, 2020, and recorded in the Kennebec Registry of Deeds in **Book 13803**, **Page 188** (arguably ineffective since the assignor had no interest in the Mortgage to assign) (see Exhibit J). *See* Exhibit K (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

19. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated August 18, 2023, and recorded in the Kennebec Registry of Deeds in **Book 14874**, **Page 226**. *See* Exhibit L (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

20. On December 9, 2023, the Defendant, Sammi Jo MacFarland, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit M (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

21. The Demand Letter informed the Defendant, Sammi Jo MacFarland, of the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit M.

22. The Defendant, Sammi Jo MacFarland, failed to cure the default prior to the expiration of the Demand Letter.

23. The Plaintiff, Federal National Mortgage Association, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

24. The Plaintiff, Federal National Mortgage Association, hereby certifies it is the lawful holder and owner of the Note and Mortgage.

25. The Plaintiff, Federal National Mortgage Association, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

26. The total debt owed under the Note and Mortgage as of May 10, 2024, is Three Hundred Seventy-Three Thousand Four Hundred Eighty and 05/100 ($373,480.05) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $189,905.21 |
| Interest | $65,771.80 |
| Escrow Advance | $60,801.41 |
| Lender Paid Expenses | $11,501.63 |
| Non-Interest Bearing Principal Balance | $45,500.00 |
| | |
| Grand Total | $373,480.05 |

27. Upon information and belief, the Defendant, Sammi Jo MacFarland, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

28. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 27 as if fully set forth herein.

29. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 159 Erskine Road, Windsor, County of Kennebec, and State of Maine. *See* Exhibit A.

30. The Plaintiff, Federal National Mortgage Association, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Federal National Mortgage Association, has the right to foreclosure and sale upon the subject property.

31. The Plaintiff, Federal National Mortgage Association, hereby certifies it is the current owner and investor of the aforesaid Mortgage and Note.

32. The Defendant, Sammi Jo MacFarland, is presently in default on said Mortgage and Note, having failed to make the monthly payment due October 1, 2012, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

33. The total debt owed under the Note and Mortgage as of May 10, 2024, is Three Hundred Seventy-Three Thousand Four Hundred Eighty and 05/100 ($373,480.05) Dollars.

34. The record established through the Kennebec Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

35. By virtue of the Defendant, Sammi Jo MacFarland's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate, as affected by Defendant, Sammi Jo MacFarland's, discharge in bankruptcy and, accordingly, this action does not seek any personal liability on the part of the Defendant, Sammi Jo MacFarland, but only seeks *in rem* judgment against the property.

36. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Sammi Jo MacFarland, on December 9, 2023, evidenced by the Certificate of Mailing. *See* Exhibit M.

37. The Defendant, Sammi Jo MacFarland, is not in the Military as evidenced by the attached Exhibit N.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322, as affected by Defendant, Sammi Jo MacFarland's, discharge in bankruptcy, and accordingly, this action

<u>does not</u> seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property;

b) Determine the amount due and priority of any Parties-In Interest that appear in this action;

c) Grant possession to the Plaintiff, Federal National Mortgage Association, upon the expiration of the period of redemption;

d) Find that the Defendant, Sammi Jo MacFarland, is in breach of the Note by failing to make payment due as of October 1, 2012, and all subsequent payments, however, as affected by Defendant, Sammi Jo MacFarland's discharge in bankruptcy, this action <u>does not</u> seek any personal liability on the part of the Defendant, Sammi Jo MacFarland, but only seeks *in rem* judgment against the property;

e) Impose the applicable time periods for redemption, etc., as reflected in 14 M.R.S.A. § 6322;

f) Find that while the Defendant, Sammi Jo MacFarland, has no personal liability in this matter, a Judgment of Foreclosure and Sale in this matter can be imposed *in rem* against the property commonly known as and numbered as 159 Erskine Road, Windsor, ME 04363;

g) For such other and further relief as this Honorable Court deems just and equitable.

 

Respectfully Submitted,
Federal National Mortgage Association,
By its attorneys,

Dated: May 28, 2024

<u>/s/Reneau J. Longoria, Esq.</u>
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com