# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| FEDERAL NATIONAL + MORTGAGE ASSOCIATION,<br><br>  Plaintiff,<br><br>v.<br><br>SAMMI JO MACFARLAND,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>) Docket No. 1:24-cv-00195-NT<br>)<br>)<br>)<br>) |

**CONSENT JUDGMENT OF FORECLOSURE AND SALE**

**Address: 159 Erskine Road, Windsor, ME 04363**
**Date Mortgage Recorded: May 21, 2007**
**Book 9356, Page 135 of Kennebec County Registry of Deeds**

Now comes the Plaintiff, Federal National Mortgage Association, and the Defendant, Sammi Jo MacFarland, and hereby submit this Consent Judgment of Foreclosure and Sale.

Judgment on Count I – Foreclosure and Sale is hereby **ENTERED** as follows:

1.  If the Defendant or her heirs or assigns pay Federal National Mortgage Association ("Fannie Mae") the amount adjudged due and owing ($384,001.31) within 90 days of the date of the Judgment, as that time period is calculated in accordance with 14 M.R.S. § 6322, Fannie Mae shall forthwith discharge the mortgage and file a dismissal of this action on ECF docket. The following is a breakdown of the amount due and owing:

| Description | Amount |
|---|---|
| Principal Balance | $189,905.21 |
| Deferred Principal | $45,500.00 |
| Interest | $69,508.10 |

| | |
|---|---|
| Corporate Advance Balance | $16,234.99 |
| Escrow Advance | $62,853.01 |
| Grand Total | $384,001.31 |

2. If the Defendant or her heirs or assigns do not pay Fannie Mae the amount adjudged due and owing ($384,001.31) within 90 days of the judgment, as that time period is calculated in accordance with 14 M.R.S. § 6322, her remaining rights to possession of the mortgaged property located at 159 Erskine Road in Windsor, Maine ("Windsor Property") shall terminate, and Fannie Mae shall conduct a public sale of the Windsor Property in accordance with 14 M.R.S. § 6323, disbursing the proceeds first to itself in the amount of $384,001.31 after deducting the expenses of the sale, with any surplus to the Defendant or the heirs or assigns, in accordance with 14 M.R.S. § 6324.  Fannie Mae may not seek a deficiency judgment against the pursuant to the Plaintiff's waiver of deficiency.

3. Pursuant to 14 M.R.S. § 2401(3)(F), the Clerk, if requested, shall sign a certification after the appeal period has expired, certifying that the applicable period has expired without action or that the final judgment has been entered following appeal.

4. The Plaintiff is responsible for recording the attested copy of this Judgment with the signed Clerk's certification in the proper county's registry of deeds within one year of the entry of the final judgment and for paying the appropriate recording fees. *See* 14 M.R.S. § 2401(3)(G).

5. The amount due and owing is $384,001.31 and the mortgage loan is in default and Defendant Sammi Jo MacFarland is in breach of both the note and

mortgage, as a result of the Defendant having failed to comply with the terms of the note, the object of this litigation.

6. Fannie Mae has first priority, in the amount of $384,001.31, pursuant to the subject note and mortgage and there are no parties in interest other than the Defendant who has second priority.

7. The prejudgment interest rate is 2.00%, *see* 14 M.R.S. § 1602-B, and the post-judgment interest rate is 10.55%, *see* 14 M.R.S. § 1602-C.

8. The following information is included in this Judgment pursuant to 14 M.R.S. § 2401(3):

|  | PARTIES | COUNSEL |
|---|---|---|
| PLAINTIFF | Federal National Mortgage Association<br>14221 Dallas Parkway<br>Suite 1000<br>Dallas, TX 75254 | Reneau J. Longoria, Esq.<br>Doonan, Graves & Longoria, LLC<br>100 Cummings Center<br>Suite 303C<br>Beverly, MA 01915 |
| DEFENDANT | Sammi Jo MacFarland<br>130 F Sanborn Road<br>Wales, ME 04280 |  |

a. The docket number of this case is No. 1:24-cv-00195-NT.

b. The Defendant, the only party to these proceedings besides Fannie Mae, received notice of the proceedings in accordance with the applicable provisions of the Federal Rules of Civil Procedure.

c. A description of the real estate involved, 159 Erskine Road, Windsor, Maine 04363, is set forth in Exhibit A to the Judgment.

d. The street address of the real estate involved is 159 Erskine Road, Windsor, ME 04363.  The Mortgage was executed by the Defendant, Sammi Jo MacFarland on May 14, 2007.  The book and page number of the Mortgage in the Kennebec Registry of Deeds is Book 9356, Page 0135.

e. This Judgment shall not create any personal liability on the part of the Defendant but shall act solely as an *in rem* judgment against the property, 159 Erskine Road, Windsor, Maine 04363.

Dated:  December 2, 2024

/s/ Reneau J. Longoria
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

Dated: November 25, 2024

/s/ Sammi Jo MacFarland
Sammi Jo MacFarland
130 F Sanborn Road
Wales, ME 04280

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 13th day of December, 2024.

4

## Exhibit A - Mortgage

A certain lot or parcel of land with any buildings thereon, situated on the southwesterly side of the Erskine Road and on the northwesterly side of the Wingood Road in the Town of Windsor, County of Kennebec and State of Maine, bounded and described as follows:

BEGINNING at a 5/8-inch diameter iron rod with aluminum identification cap stamped "Fergusson PLS 1294" set flush at the intersection of two stone walls on the southwesterly side of the Erskine Road so-called, said iron rod being further located three hundred fifty-seven (357) feet, more or less, along the southwesterly side of the Erskine Road from its interesection with the northwesterly side of the Wingood Road; THEN southwesterly by and along the stone wall above mentioned one hundred sixty-nine (169) feet, more or less, to a similar iron rod set at an angle point in said wall, the straight line from the last mentioned iron rod being South 49° 16' 57" West one hundred sixty-nine and fifteen hundredths (169.15) feet; THEN northwesterly by and along the stone wall one hundred forty (140) feet, more or less, to a similar iron rod set at the end of the wall and extending about 8 inches out of the ground, the straight line from the last mentioned iron rod being North 43° 11' 50" West one hundred thirty-nine and sixty-six hundredths (139.66) feet; THEN South 51° 10' 45" West one hundred eighty-two and fifty hundredths (182.50) feet to a similar iron rod set and extending about eight inches out of the ground; THEN South 32° 37' 54" East four hundred thirty-two and ninety-five hundredths (432.95) feet to a similar iron rod set extending about three inches out of the ground; THEN North 37° 06' 07" East one hundred ninety-four and fifty hundredths (194.50) feet to a similar iron rod extending about twelve inches out of the ground; THEN South 51° 00' 00" East (this being the reference bearing for this description) one hundred forty-nine and sixty-seven hundredths (149.67) feet to a similar iron rod extending about six inches out of the ground and being on the northwesterly side on the Wingood Road above mentioned; THEN northeasterly by and along the northwesterly side of the Wingood Road one hundred sixty-five (165) feet, more or less, to its intersection with the southwesterly side of the Erskine Road near the end of a stone wall; THEN northwesterly by and along the southwesterly side of the Erskine Road along the stone wall three hundred fifty-seven (357) feet, more or less, to the iron rod at the point of beginning; the straight line from the last mentioned iron rod on the northwesterly side of the Wingood Road being North 13° 20' 03" West four hundred thirty-eight and forty-three hundredths (438.43) feet, containing 3.40 acres, more or less.

Including all land and rights to land, if any, between the above described premises and the center line of the Erskine and Wingood Roads.

Continued on next page

Together with an easement to draw water from a spring located southwesterly of Charles Edward Blair and Kimberly Ann Blair's southeasterly boundary, to run and maintain pipes and pumps to said spring. Said easement is in common with others.

All bearings are referenced to Magnetic North as observed in 1992. This description is based upon a plan prepared by Fergusson & Associates.

Meaning and intending to describe and mortgage the same premises conveyed to the mortgagor(s) by deed recorded in the Kennebec County Registry of Deeds in Book 8268 at Page 193.

Reviewed/Initialed   *[signature]*

-2-