# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Docket No. 1:24-cv-00195-NT ) |
| SAMMI JO MACFARLAND, | ) ) |
| Defendant. | ) ) |

## ORDER ON MOTION TO EXTEND DEADLINE

This matter is before me on the Plaintiff's motion to extend the deadline to publish its notice of sale for the public foreclosure sale of the property located at 159 Erskine Road in Windsor, Maine. Mot. to Extend Deadline ("**Mot.**") (ECF No. 17). For the reasons stated below, the motion is **GRANTED IN PART**.

Last year, the parties in this foreclosure action agreed to a Consent Judgment of Foreclosure and Sale ("**Foreclosure Judgment**"), which entered on December 13, 2024. Consent J. of Foreclosure and Sale (ECF No. 15). Pursuant to Maine law, the Foreclosure Judgment gave the Defendants a 90-day period of redemption that began running from the date of judgment. *See* 14 M.R.S. § 6322. Maine law then provides:

> Upon expiration of the period of redemption, if the mortgagor . . . [has] not redeemed the mortgage, any remaining rights of the mortgagor to possession terminate, and the mortgagee shall cause notice of a public sale of the premises stating the time, place and terms of the sale to be published once in each of 3 successive weeks in a newspaper of general circulation in the county in which the premises are located, *the first publication to be made not more than 90 days after the expiration of the period of redemption.*

14 M.R.S. § 6323(1) (emphasis added). The 90-day period of redemption in this case expired on March 13, 2025. Thus, the first publication of notice of sale of the foreclosed Windsor property should have been made no later than June 11, 2025. The deadline for conducting the foreclosure auction of the property then should flow from this first-publication deadline. *See* 14 M.R.S. § 6323(1) ("[T]he public sale must be held not less than 30 days nor more than 45 days after the first date of that publication.").

Here, the Plaintiff seeks to extend the deadline to commence publication of the notice of sale because the Plaintiff "recently discovered that, due to an error by the newspaper, the required Notice of Sale was never actually published . . . ." Mot. 1. According to the Plaintiff, counsel had received written confirmation from the newspaper that its notice of sale would be published. Mot. 1. The Plaintiff then went ahead and conducted a foreclosure auction of the Windsor property on April 16, 2025, despite the fact that there was no public notice of the sale as required by Maine foreclosure law. Mot. 1. The Plaintiff argues that "[t]he failure to publish was not the result of any neglect or delay by the mortgagee or its counsel, but rather was due to circumstances outside their control." Mot. 1.

I find this argument lacking. Regardless of the written confirmation and the publication error at the newspaper, Maine foreclosure law puts the onus on the Plaintiff as the mortgagee to "cause notice of a public sale . . . to be published" *before* conducting the public sale. 14 M.R.S. § 6323(1). Relying on a written confirmation from the newspaper that the notice will be published is not enough. Counsel for the Plaintiff should have checked the newspaper each of the three successive weeks that

the notice was to have run to ensure that the notice of sale was in fact published. Had they done so, the newspaper's error would have been caught the first week and the Plaintiff could have taken corrective action sooner. I therefore disagree with the Plaintiff's assertion that the failure to publish the notice was "outside their control" and "not the result of result of any neglect" by the Plaintiff or its counsel.

Nonetheless, Section 6323 allows a court to extend the deadline "for the publication of the notice of sale or conducting the public sale" "[u]pon a showing of good cause." 14 M.R.S. § 6323(3). While I find that the Plaintiff ultimately bears responsibility for the lack of proper notice in this case, I also find there is good cause to extend the deadline for both the notice of sale and the public sale itself because both parties in this action have an interest in obtaining the highest price possible for the foreclosed Windsor property. *See* 14 M.R.S. § 6324 ("Any surplus must be paid to the mortgagor, the mortgagor's successors, heirs or assigns in the proceeding.").[1] Proper published notice and a rescheduled public sale are necessary to achieve that result here.

Accordingly, the Plaintiff's motion is **GRANTED** but only **IN PART**. The Plaintiff has requested an additional ninety days from the date of this order to commence publication of the notice of sale but provides no basis for concluding that

---

[1] As the Maine Supreme Judicial Court has explained:

> The time period [set forth in Section 6323] provides the likelihood that more members of the public will be able to react to the notice by actually bidding on the property. This is a benefit to the mortgagor because of the potential that the property will be sold for a higher price than it would if the mortgagee was the only bidder, thus providing protection against a self-dealing mortgagee.

*Cadle Co. v. LCM Assocs.*, 2000 ME 73, ¶ 9, 749 A.2d 150.

3

this much time is needed. Because we are already well outside the normal 90-day time period and post-judgment interest has been accruing at a rate of 10.55% since December, I am not giving the Plaintiff an extra ninety days to correct its mistake. The Plaintiff shall have thirty (30) days from the date of this order to cause the first notice of public sale of the Windsor property to be published. The Foreclosure Judgment otherwise remains in effect.

SO ORDERED.

                                                /s/ Nancy Torresen
                                                United States District Judge

Dated this 9th day of July, 2025.